# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv239

| CARL E. MCADOO, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| v. | ) | **MEMORANDUM AND** |
|  | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, et al., | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

Pending before the Court is the Motion to Dismiss [# 4]. Plaintiff, who is proceeding *pro se*, brought this action against a number of Defendants asserting a number of claims arising out of the appointment of an interim guardian for Plaintiff's deceased father and his father's subsequent medical care and autopsy. Defendants Rutherford County Department of Social Services, John Carroll, Vic Martin, and Ann Padgett (the "Rutherford County Defendants") move to dismiss all the claims asserted against them in the Complaint. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 4].

**I.  Background**

Plaintiff is a citizen of Maryland and the son of Charles Raford McAdoo, Senior. (Pl.'s Compl. at ¶ 1.) Mr. McAdoo, Sr. died on approximately October 19,

2010. (Id. at ¶ 55.) Prior to his death, Mr. McAdoo, Sr. suffered from a number of health issues. (Id. at ¶¶ 55, 57, 59.) Defendant Joyce Ann Nash was the caregiver and personal assistant of Mr. McAdoo, Sr. prior to his death. (Id. at ¶ 17.)

Plaintiff contends that Defendant Nash failed to adequately perform her duties as caretaker and exploited Mr. McAdoo, Sr. (Id. at ¶ 17.) As a result, Plaintiff terminated Defendant Nash on June 30, 2010, and instructed her not to return to the home of Mr. McAdoo, Sr. (Id. at ¶ 56.) Plaintiff also instructed Defendant Nash to turn over all the home operating funds to the Charles George Veterans Affairs Medical Center Administrative Officer of the Day. (Id.)

Approximately a week after terminating Defendant Nash, Plaintiff asked Defendant Department of Veterans Affairs ("VA") not to release Mr. McAdoo, Sr. into the care of Defendant Nash. (Id. at ¶ 57.) Plaintiff also requested that the VA place Mr. McAdoo, Sr. in a twenty-four hour skilled nursing care facility. (Id.) However, on July 12, 2010, the VA discharged Mr. McAdoo, Sr. and released him into the custody of Defendant Nash. (Id. at ¶¶ 57, 59.)

Plaintiff then filed a petition for guardianship of Mr. McAdoo, Sr. (Id. at ¶ 64; Ex. 2 to Def. Rutherford County's Mot. Dismiss at p. 1.) Plaintiff was represented by Attorney John Crotts and King Law Offices at the time. (Pl.'s Compl. ¶ 65.) The Clerk of Superior Court of Rutherford County, North Carolina

issued an Order on the petition finding that Mr. McAdoo, Sr. required immediate intervention, and that he needed an interim guardian to be appointed to intervene on his behalf. (Ex. 2 to Def. Rutherford County's Mot. Dismiss at p. 3; Pl.'s Compl. ¶ 64.) The Clerk appointed Defendant Rutherford County Department of Social Services as interim guardian for Mr. McAdoo, Sr. (Ex. 2 to Def. Rutherford County's Mot. Dismiss at p. 3; Ex. 1 to Def. Rutherford County's Mot. Dismiss at 1; Pl.'s Compl. ¶¶ 13, 65.) Finally, the Clerk ordered Plaintiff to return $90,000.00 by cashier's check payable to Mr. McAdoo, Sr. (Ex. 2 to Def. Rutherford County's Mot. Dismiss at 3.) The Clerk scheduled a full incompetency and guardianship hearing for Mr. McAdoo, Sr. for October 27, 2010. (Pl.'s Compl. at ¶ 94.)

Plaintiff contends that the Rutherford County Defendants failed to notify the Superior Court that his attorney, Mr. Crotts, also represented Rutherford County Department of Social Services. (Id. at ¶ 65.) In addition, Plaintiff contends that Defendant Rutherford County Department of Social Services allowed Defendant Nash to continue as caregiver for Mr. McAdoo, Sr. despite the fact Plaintiff terminated her services, and the Rutherford County Defendants did not communicate with Plaintiff regarding his father's medical care and treatment. (Pl.'s Compl. at ¶¶ 77-79, 82, 87.)

On October 7, 2010, Defendant Nash removed Mr. McAdoo, Sr. from hospice and took him to the VA in order to undergo an above the knee amputation. (Id. at ¶ 83.) While at the VA, Mr. McAdoo, Sr. received medical care from Defendant Dr. Sonny W. Tucker, Jr. and Defendant Physician Assistant Sandy F. Pierce. (Id. at ¶¶ 11-12.) The Complaint alleges the Defendant Nash retained control over Mr. McAdoo, Sr.'s healthcare decisions. (Id. at ¶ 145.)

On approximately October 19, 2010, Mr. McAdoo, Sr. died while being treated at the VA. (Id. at ¶ 92.) Plaintiff requested a full autopsy with a toxicology screen. (Id.) Plaintiff contends that Defendant Dr. Ernest T. Ahl, Jr. performed the autopsy for the VA but failed to perform the toxicology screen and failed to give notice to Plaintiff that the full autopsy and toxicology screen was not performed before Plaintiff buried his father. (Id. at ¶¶ 10, 100, 105, 111.)

Plaintiff then brought an action *pro se* in this Court against Defendants asserting claims in his capacity as executor of his father's estate. (Id. at pp. 1-2.) This Court held that Plaintiff could not prosecute claims on behalf of the estate *pro se* and directed Plaintiff to obtain counsel or face dismissal of his Amended Complaint. McAdoo v. U.S., No. 1:12cv328, 2014 WL 359043 at *2-3 (W.D.N.C. Nov. 22, 2013) (Howell, Mag. J.). Plaintiff, however, failed to obtain counsel and the District Court dismissed the Amended Complaint without prejudice. See

McAdoo v. U.S., 579 F. App'x 185 (4th Cir. 2014) (unpublished).  Plaintiff appealed the District Court's Order, and on July 28, 2014, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction, finding that the Order Plaintiff sought to appeal was not final because Plaintiff could save his action by obtaining counsel.  Id. at 186.  Rather than obtain counsel in this prior action, Plaintiff filed the current action on his own behalf on September 12, 2014.

Plaintiff's Complaint asserts six causes of action against Defendants.  Count One asserts a claim against Defendants United States of America, Dr. Tucker, Pierce, and Dr. Ahl (the "Federal Defendants") for unauthorized autopsy and tortious interference with a dead body.  (Pl.'s Compl. at ¶¶ 108-117.)  Plaintiff contends that the Federal Defendants are liable as a result of: (1) Defendant Dr. Ahl's actions in retaining blood from Mr. McAdoo, Sr.; (2) the Federal Defendants' failure to perform a full autopsy with toxicology screen; and (3) the failure of the Federal Defendants to notify Plaintiff that they did not do a full autopsy prior to the embalming and burial of Plaintiff's father.  (Id. at ¶¶ 11-12.)

Count Two asserts a claim for negligent mistreatment or interference with a dead body against the Federal Defendants.  (Id. at ¶¶ 118-25.)  Plaintiff contends that the Federal Defendants are liable under Count Two as a result of their: (1)

failure to perform a full autopsy with toxicology screen; (2) failure to notify Plaintiff of their failure to perform a full autopsy; and (3) failure to adhere to Plaintiff's requests regarding his father and failure to keep Plaintiff informed of his father's medical treatment while at the VA. (Id. at ¶¶ 121-22.)

Count Three asserts a claim for bad faith against the Federal Defendants. (Id. at ¶¶ 126-35.) Plaintiff contends that the Federal Defendants are liable under Count Three for their bad faith in depriving Plaintiff of his father's medical information, including the cause of his death. (Id. at ¶ 132.)

Count Four asserts a claim for negligence against all the Defendants. (Id. at ¶¶ 136-83.) Although Plaintiff points to a number of alleged acts, as well as the failure to act, as the basis of the negligence claims, the heart of these claims appears to be that: (1) the Federal Defendants and the Rutherford County Defendants were negligent in allowing Defendant Nash to remain involved in the medical care and decision making for Plaintiff's father; and (2) that the Federal Defendants and Rutherford County Defendants were negligent in failing to follow the directions of Plaintiff and Mr. McAdoo, Sr. in respecting Mr. McAdoo, Sr.'s end of life decision not to have further invasive medical procedures and to remain in hospice. (Id. at ¶¶ 136-83.)

Count Five asserts a claim for gross negligence against all the Defendants.

(Id. at ¶¶ 184-99.) Plaintiff contends that Defendants are liable for gross negligence for a number of reasons, including: (1) removing Mr. McAdoo, Sr. from hospice and amputating his leg; (2) not disclosing Defendants' failure to conduct a full autopsy and toxicology screen; and (3) Dr. Ahl's removal of a blood sample from Plaintiff's father. (Id.)

Count Six asserts a Section 1983 claim against the Rutherford County Defendants, the Department of Veteran Affairs, Defendant Tucker, Defendant Pierce, and Defendant Nash. (Id. at ¶¶ 199-223.) Plaintiff contends that these Defendants violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments by not involving Plaintiff in his father's end of life care. (Id.) Plaintiff seeks damages of $7,439,563.93 plus punitive damages against Defendants.

The Rutherford County Defendants moved to dismiss the Complaint in its entirety. The District Court referred the Motion to Dismiss to this Court. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th

Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255.  The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss.  Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193.  Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible.  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III.  Analysis**

**A.  The Section 1983 Claims Based on Actions Occurring More than Three Years Prior to Plaintiff Bringing this Action are Time Barred**

Although Section 1983 provides a plaintiff with a federal cause of action, courts look to state law for determining the statute of limitations for such a claim. Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991).  The three year limitation period for personal injury actions set forth in N.C. Gen. Stat. § 1-52 provides the applicable limitations period for Plaintiff's Section 1983 claims. Id.  The accrual date of a Section 1983 claim, however, is a question of federal law.  Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007); Brooks v. City of Winston–Salem, N.C., 85 F.3d 178, 181 (4th Cir.1996); Nasim v. Warden,

Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.

Plaintiff filed his Complaint on September 12, 2014. All of Plaintiff's Section 1983 claims against the Rutherford County Defendants, however, accrued in 2010, more than three years prior to Plaintiff bringing this action. Because Plaintiff failed to bring this Complaint within three years of the date his claims accrued, Plaintiff's Section 1983 claims are barred by the applicable statute of limitations.

Plaintiff contends that his filing of the prior lawsuit as executor of his father's estate tolled the statute of limitations. "When a federal cause of action is governed by a state's statute of limitations, federal courts should use state tolling provisions." Williams v. Cathy, Civil No. 3:08cv65, 2008 WL 2277544, at *3 (W.D.N.C. Jun 2. 2008) (Reidinger, J.) (unpublished). Rule 41of the North Carolina Rules of Civil Procedure provides that where a dismissal is without prejudice, the court may specify in its order that a new action based on the same claim may be commenced within one year of the dismissal. N.C. Gen. Stat. §1A-1, Rule 41(b). "Where a civil action has been involuntarily dismissed without

prejudice, the plaintiff will not be entitled to additional time to refile where the order did not also specify that he was so entitled." Williams, 2008 WL 2277544, at *3.

Even assuming that the prior action Plaintiff brought as executor of his father's estate would constitute a prior lawsuit, the statute of limitations was not tolled after the dismissal of Plaintiff's original lawsuit on March 17, 2014. Judge Reidinger did not provide Plaintiff with further time in which to refile his dismissed action. Accordingly, Plaintiff's Section 1983 claims against the Rutherford County Defendants are time-barred and subject to dismissal. See id. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss and **DISMISS** the Section 1983 claims asserted against the Rutherford County Defendants.

**B. The State Law Claims are Time-Barred**

Plaintiff also asserts negligence and gross negligence claims against the Rutherford County Defendants.[1] Like Plaintiff's Section 1983 claims, Plaintiff's claims for negligence and gross negligence are subject to a three years limitations

---

1 Gross negligence is " 'wanton conduct done with conscious or reckless disregard for the rights and safety of others.' " Yancy v. Lea, 550 S.E.2d 155, 157 (N.C. 2001) (quoting Bullins v. Schmidt, 369 S.E.2d 601, 603 (1988)); see also Eckard v. Smith, 603 S.E.2d 134, 139 (N.C. Ct. App. 2004). In order to state a claim for gross negligence, a plaintiff must allege each of the elements of a negligence claim—duty, causation, proximate cause, and damages— as well as wanton conduct. Clayton v. Branson, 623 S.E.2d 269, 264 (N.C. Ct.App. 2005); Toomer v. Garrett, 574 S.E.2d 76, 92 (N.C. Ct. App. 2002); Dove v. Harvey, 608 S.E.2d 798, 802 (N.C. Ct. App. 2005).

-11-

period. N.C. Gen. Stat. §1-52(5); <u>Mountain Land Properties, Inc. v. Lovell</u>, 46 F. Supp.3d 609, 625 (W.D.N.C. 2014) (Reidinger, J.) A wrongful death claim based on the negligence of others is subject to a two year statute of limitations. N.C. Gen. Stat. §1-53(4).

Plaintiff contends that the Rutherford County Defendants were negligent in allowing Defendant Nash to continue her involved in Plaintiff's father's medical care and in serving as the court appointed interim guardian for his father. Any such claims, however, accrued more than three years prior to Plaintiff bringing this action. Like Plaintiff's Section 1983 claims, the negligence and gross negligence claims asserted against the Rutherford County Defendants are all time barred. Moreover, the applicable limitations period was not tolled. Finally, most, if not all, of Plaintiff's negligence claims belong to the Estate of Plaintiff's deceased father, not Plaintiff; the Rutherford County Defendants' owned a duty to Charles Mcdoo, Sr. not Plaintiff. As such, even if the claims were timely, they would be subject to dismissal for failure to state a claim because Plaintiff has failed to allege facts demonstrating that the Rutherford County Defendants owed any duty to Plaintiff, a necessary element of any negligence or gross negligence claim. <u>See</u> <u>Horne v. Novartis Pharms. Corp.</u>, 541 F. Supp. 2d 768, 784 (W.D.N.C. 2008) (Reidinger, J.). The Court **RECOMMENDS** that the District Court **GRANT** the Motion to

Dismiss and **DISMISS** the state law claims asserted against the Rutherford County Defendants.

**IV.     Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 4]. The Court **RECOMMENDS** that the Court **DISMISS** all the claims asserted against Rutherford County Department of Social Services, John Carroll, Vic Martin, and Ann Padgett.

Signed: July 8, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).