## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:14cv239

CARL E. MCADOO,          )
                                  )
                                  )
      Plaintiff,         )
                                  )
v.                              )        **MEMORANDUM AND**
                                  )        **RECOMMENDATION**
UNITED STATES OF AMERICA, et al., )
                                  )
      Defendants.       )
_____ )

Pending before the Court is the Motion to Dismiss [# 16], Motion to Substitute Party [# 34], and Motion to Amend/Correct Motion to Substitute Party [# 36]. Plaintiff, who is proceeding *pro se*, brought this action against a number of Defendants asserting a number of claims arising out of the appointment of an interim guardian for Plaintiff's deceased father and his father's subsequent medical care and autopsy. Defendants the United States of America, Dr. Ernest T. Ahl, Jr., Dr. Sonny W. Tucker, Jr., and Sandy F. Pierce (the "Federal Defendants") move to dismiss all the claims asserted against them in the Complaint. The Federal Defendants also move for the United States to be substituted as the proper defendant in place of the individual federal employees. The Court **RECOMMENDS** that the District Court Grant the Motion to Dismiss [# 16], and

**GRANT in part** the Motion to Substitute Party [# 34] and Motion to Amend/Correct Motion to Substitute Party [# 36].

## I. Background

Plaintiff is a citizen of Maryland and the son of Charles Raford McAdoo, Senior. (Pl.'s Compl. at ¶ 1.) Mr. McAdoo, Sr. died on approximately October 19, 2010. (Id. at ¶ 55.) Prior to his death, Mr. McAdoo, Sr. suffered from a number of health issues. (Id. at ¶¶ 55, 57, 59.) Defendant Joyce Ann Nash was the caregiver and personal assistant of Mr. McAdoo, Sr. prior to his death. (Id. at ¶ 17.)

Plaintiff contends that Defendant Nash failed to adequately perform her duties as caretaker and exploited Mr. McAdoo, Sr. (Id. at ¶ 17.) As a result, Plaintiff terminated Defendant Nash on June 30, 2010, and instructed her not to return to the home of Mr. McAdoo, Sr. (Id. at ¶ 56.) Plaintiff also instructed Defendant Nash to turn over all the home operating funds to the Charles George Veterans Affairs Medical Center Administrative Officer of the Day. (Id.)

Approximately a week after terminating Defendant Nash, Plaintiff asked the Defendant Department of Veterans Affairs ("VA") not to release Mr. McAdoo, Sr. into the care of Defendant Nash. (Id. at ¶ 57.) Plaintiff also requested that the VA place Mr. McAdoo, Sr. in a twenty-four hour skilled nursing care facility. (Id.) However, on July 12, 2010, the VA discharged Mr. McAdoo, Sr. and released him

into the custody of Defendant Nash. (Id. at ¶¶ 57, 59.)

Plaintiff then filed a petition for guardianship of Mr. McAdoo, Sr. (Id. at ¶ 64; Ex. 2 to Def. Rutherford County's Mot. Dismiss at p. 1.) Plaintiff was represented by Attorney John Crotts and King Law Offices at the time. (Pl.'s Compl. ¶ 65.) The Clerk of Superior Court of Rutherford County, North Carolina issued an Order on the petition finding that Mr. McAdoo, Sr. required immediate intervention, and that he needed an interim guardian to be appointed to intervene on his behalf. (Ex. 2 to Def. Rutherford County's Mot. Dismiss at p. 3; Pl.'s Compl. ¶ 64.) The Clerk appointed Defendant Rutherford County Department of Social Services as interim guardian for Mr. McAdoo, Sr. (Ex. 2 to Def. Rutherford County's Mot. Dismiss at p. 3; Ex. 1 to Def. Rutherford County's Mot. Dismiss at 1; Pl.'s Compl. ¶¶ 13, 65.) Finally, the Clerk ordered Plaintiff to return $90,000.00 by cashier's check payable to Mr. McAdoo, Sr. (Ex. 2 to Def. Rutherford County's Mot. Dismiss at 3.) The Clerk scheduled a full incompetency and guardianship hearing for Mr. McAdoo, Sr. for October 27, 2010. (Pl.'s Compl. at ¶ 94.)

Plaintiff contends that the Rutherford County Defendants failed to notify the Superior Court that his attorney, Mr. Crotts, also represented Rutherford County Department of Social Services. (Id. at ¶ 65.) In addition, Plaintiff contends that

Defendant Rutherford County Department of Social Services allowed Defendant Nash to continue as caregiver for Mr. McAdoo, Sr. despite the fact Plaintiff terminated her services, and the Rutherford County Defendants did not communicate with Plaintiff regarding his father's medical care and treatment. (Pl.'s Compl. at ¶¶ 77-79, 82, 87.)

On October 7, 2010, Defendant Nash removed Mr. McAdoo, Sr. from hospice and took him to the VA in order to undergo an above the knee amputation. (Id. at ¶ 83.)  While at the VA, Mr. McAdoo, Sr. received medical care from Defendant Dr. Sonny W. Tucker, Jr. and Defendant Physician Assistant Sandy F. Pierce.  (Id. at ¶¶ 11-12.)   The Complaint alleges the Defendant Nash retained control over Mr. McAdoo, Sr.'s healthcare decisions.  (Id. at ¶ 145.)

On approximately October 19, 2010, Mr. McAdoo, Sr. died while being treated at the VA. (Id. at ¶ 92.)  Plaintiff requested a full autopsy with a toxicology screen.  (Id.)  Plaintiff contends that Defendant Dr. Ernest T. Ahl, Jr. performed the autopsy for the VA but failed to perform the toxicology screen and failed to give notice to Plaintiff that the full autopsy and toxicology screen was not performed before Plaintiff buried his father.  (Id. at ¶¶ 10, 100, 105, 111.)

Plaintiff then brought an action *pro se* in this Court against Defendants asserting claims in his capacity as executor of his father's estate.  (Id. at pp. 1-2.)

This Court held that Plaintiff could not prosecute claims on behalf of the estate *pro se* and directed Plaintiff to obtain counsel or face dismissal of his Amended Complaint. McAdoo v. U.S., No. 1:12cv328, 2014 WL 359043 at *2-3 (W.D.N.C. Nov. 22, 2013) (Howell, Mag. J.). Plaintiff, however, failed to obtain counsel and the District Court dismissed the Amended Complaint without prejudice. See McAdoo v. U.S., 579 F. App'x 185 (4th Cir. 2014) (unpublished). Plaintiff appealed the District Court's Order, and on July 28, 2014, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction, finding that the Order Plaintiff sought to appeal was not final because Plaintiff could save his action by obtaining counsel. Id. at 186. Rather than obtain counsel in this prior action, Plaintiff filed the current action on his own behalf on September 12, 2014.

Plaintiff's Complaint asserts six causes of action against Defendants. Count One asserts a claim against the Federal Defendants for unauthorized autopsy and tortious interference with a dead body. (Pl.'s Compl. at ¶¶ 108-117.) Plaintiff contends that the Federal Defendants are liable as a result of: (1) Defendant Dr. Ahl's actions in retaining blood from Mr. McAdoo, Sr.; (2) the Federal Defendants' failure to perform a full autopsy with toxicology screen; and (3) the failure of the Federal Defendants to notify Plaintiff that they did not do a full

autopsy prior to the embalming and burial of Plaintiff's father.  (Id. at ¶¶ 11-12.)

Count Two asserts a claim for negligent mistreatment or interference with a dead body against the Federal Defendants.  (Id. at ¶¶ 118-25.)  Plaintiff contends that the Federal Defendants are liable under Count Two as a result of their: (1) failure to perform a full autopsy with toxicology screen; (2) failure to notify Plaintiff of their failure to perform a full autopsy; and (3) failure to adhere to Plaintiff's requests regarding his father and failure to keep Plaintiff informed of his father's medical treatment while at the VA.  (Id. at ¶¶ 121-22.)

Count Three asserts a claim for bad faith against the Federal Defendants.  (Id. at ¶¶ 126-35.)  Plaintiff contends that the Federal Defendants are liable under Count Three for their bad faith in depriving Plaintiff of his father's medical information, including the cause of his death.  (Id. at ¶ 132.)

Count Four asserts a claim for negligence against all the Defendants.  (Id. at ¶¶ 136-83.)  Although Plaintiff points to a number of alleged acts, as well as the failure to act, as the basis of his negligence claims, the heart of these claims appears to be that: (1) the Federal Defendants and the Rutherford County Defendants were negligent in allowing Defendant Nash to remain involved in the medical care and decision making for Plaintiff's father; and (2) the Rutherford County Defendants and Federal Defendants negligently failed to follow the

directions of Plaintiff and Mr. McAdoo, Sr. in respecting Mr. McAdoo' Sr.'s end of life decision not to have further invasive medical procedures and to remain in hospice.  (Id. at ¶¶ 136-83.)

Count Five asserts a claim for gross negligence against all the Defendants. (Id. at ¶¶ 184-99.)  Plaintiff contends that Defendants are liable for gross negligence for a number of reasons, including: (1) removing Mr. McAdoo, Sr. from hospice and amputating his leg; (2) not disclosing Defendants' failure to conduct a full autopsy and toxicology screen; and (3) Dr. Ahl's removal of a blood sample.  (Id.)

Count Six asserts a Section 1983 claim against the Rutherford County Defendants, the Department of Veteran Affairs, Defendant Tucker, Defendant Pierce, and Defendant Nash.   (Id. at ¶¶ 199-223.)  Plaintiff contends that these Defendants violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments by not involving Plaintiff in his father's end of life care.  (Id.) Plaintiff seeks damages of $7,439,563.93 plus punitive damages against Defendants.

The Federal Defendants move to dismiss the Complaint in its entirety.   The Federal Defendants also move to substitute the United States for Defendants Ahl, Tucker, and Pierce.  The District Court referred the motions to this Court.

Accordingly, the Federal Defendants' motions are now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Motion to Dismiss Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

## II.  Analysis

### A.  The Federal Defendants' Motion to Substitute Party

When a plaintiff brings an action against federal employees, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the Westfall Act, empowers the Attorney General of the United States to certify that a defendant employee was acting within the scope of his or

her employment at the time of the incident giving rise to the claim, and the district court shall deem the action as one against the United States, rather than the individual federal employee.  28 U.S.C. § 2679(d)(1); <u>see</u> <u>also</u> <u>Martinez v. Lamagno</u>, 515 U.S. 417, 419-20, 115 S. Ct. 2227, 2229 (1995).  The United States Attorneys are authorized to issue these certifications on behalf of the Attorney General.  <u>Martinez v. DEA</u>, 111 F.3d 1148, 1152 (4th Cir. 1997).  Upon certification by the Attorney General or a United States Attorney, the United States is substituted as the party defendant and the individual employees are dismissed from the action.  28 U.S.C. § 2679(d)(1); <u>Lamagno</u>, 515 U.S. at 420, 115 S. Ct. at 2229.  Once the United States is substituted as the proper party, the case is then governed by the Federal Torts Claims Act ("FTCA").  28 U.S.C. § 2679(b)(1); <u>Lamagno</u>, 515 U.S. at 420, 115 S. Ct. at 2229.

Unless challenged by a plaintiff, the Attorney General's certification is conclusive evidence that the alleged tort occurred within the scope of a defendant's employment.  <u>Martinez</u>, 11 F.3d at 1153.  Where a plaintiff challenges the certification, the certification constitutes prima facie evidence, and the burden shifts "to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Ross v. Bryan</u>, 309 F.3d 830, 833 (4th Cir. 2002); <u>Borneman v. U.S.</u>, 213

F.3d 819, 827 (4th Cir. 2000). To satisfy this burden, a plaintiff must come forward with either "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision. . . ." Martinez, 111 F.3d at 1155; Borneman, 213 F.3d at 827. Mere conclusory allegations and speculation will not satisfy a plaintiff's burden. Martinez, 111 F.3d at 1155. If the plaintiff fails to come forward with any evidence, the certification is conclusive. Id.

Where a plaintiff comes forward with sufficient evidence to satisfy his or her burden of proof, the burden shifts back to the Government, and the United States may come forward with evidence supporting its certification. Borneman, 213 F.3d at 827; Martinez, 111 F.3d at 1155. As the United States Court of Appeals for the Fourth Circuit explained in Martinez,

> At this point, the district court may permit (and limit) any needed discovery. Thereafter, the district must determine whether there are any genuine issues of fact material to the scope-of-employment decision, and, if so, it may conduct an evidentiary hearing to resolve these factual issues. Once any factual issues are resolved, the district court should weigh the evidence on each side to determine whether the certification should stand.

Martinez, 111 F.3d at 1155. In making the determination as to whether the federal employee was acting within the scope of his or her employment, the Court applies the law of the state where the alleged tort occurred. Ross v. Bryan, 309 F.3d 830, 834 (4th Cir. 2002); Borneman, 213 F. 3d at 827.

The alleged torts in this case occurred in North Carolina. Under North Carolina law, a principal may be held liable for the acts of its agent when: (1) the principal expressly authorizes the act; (2) the principal subsequently ratifies the act; or (3) the agent's act is committed within the scope of his or her employment and in furtherance of the principal's business. Medlin v. Bass, 398 S.E.2d 460, 463 (N.C. 1990); Mercier v. Daniels, 533 S.E.2d 877, 880 (N.C. Ct. App. 2000). "To be within the scope of employment, an employee at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." Troxler v. Charter Mandala Ctr., Inc., 365 S.E.2d 665, 668 (N.C. Ct. App. 1988). "If the servant was engaged in performing the duties of his employment at the time he did the wrongful act which caused the injury, the employer is not absolved from liability by reason of the fact that the employee was also motivated by malice or ill will toward the person injured, or even by the fact that the employer had expressly forbidden him to commit such act." Wegner v. Delly-Land Delicatessen, Inc., 153 S.E.2d 804, 807-8 (N.C. 1967). In contrast, a principal "is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do." Id. at 808; Hogan v. Forsyth Country Club Co., 340 S.E.2d 116, 122 (N.C. Ct. App. 1986).

The scope of employment question is a factual inquiry.  <u>Borneman</u>, 213 F.3d at

828 (applying North Carolina law); <u>Lee v. U.S.</u>, 171 F. Supp. 2d 566, 574-75

(M.D.N.C. 2001).

The United States Attorney for Western District of North Carolina submitted

a certification pursuant to 28 U.S.C. § 2679(d), certifying that Defendants Ahl,

Tucker, and Pierce were at all times acting within the course and scope of their

employment with the Department of Veterans Affairs with respect to the events

alleged in the Complaint.  (Certification, Nov. 18, 2014.)  In addition, the

Government submitted the Declarations of Dr. John C. Lucke, the Chief of Surgery

at the Charles George Veterans Affairs Medical Center (Lucke Decl. ¶ 1, Jan. 28,

2015), and Dr. William Chapman, the Chief of Pathology and Laboratory Medical

Services at the Charles George Veterans Affairs Medical Center (Chapman Decl. ¶

1, Jan. 29, 2015.)  Dr. Lucke declared that Defendants Tucker and Pierce were

preforming their regular duties as employees with the VA when they treated Mr.

McAdoo, Sr.  (Lucke Decl. ¶¶ 2-11.)  Dr. Lucke also ratified the actions of

Defendants Tucker and Pierce in providing medical care to Mr. McAdoo, Sr. and

declared that their actions were expressly authorized by the VA.  (<u>Id.</u> ¶¶ 10-12.)

Similarly, Dr. Chapman declared that Defendant Ahl was performing his regular

duties as an employee of the VA when he performed the autopsy of Mr. McAdoo,

Sr., including the removal of laboratory specimens and the decision not to perform toxicology tests. (Chapman Decl. ¶¶ 2-16.) Like Dr. Lucke, Dr. Chapman ratified the actions of Defendant Ahl in conducting the autopsy of Mr. McAdoo, Sr. and declared that his actions were expressly authorized by the VA. (Id. ¶¶ 15-16.)

This certification is prima facie evidence that Defendants Ahl, Tucker, and Pierce were acting with the scope of their employment. Plaintiff, therefore, must demonstrate by a preponderance of the evidence that these Defendants were acting outside the scope of their employment. Martinez, 11 F.3d at 1153.

In response to the Certification, Plaintiff submitted a variety of documents in support of his contention that Defendants Ahl, Tucker, and Pierce were acting outside the scope of their employment when they undertook the actions alleged in the Complaint. In addition, Plaintiff reasserts the factual allegations in the Complaint. Neither the evidence submitted by Plaintiff nor the factual allegations in the Complaint, however, are sufficient to refute the Certification or to allow Plaintiff to conduct discovery into the scope of employment issue. As a threshold matter, the allegations in the Complaint upon which Plaintiff relies to refute the Certification are conclusory allegations devoid of any well pled factual allegations supporting a claim that the actions taking by Defendants Tucker and Pierce in treating Plaintiff's father and by Defendant Ahl in conducting the autopsy were

outside the scope of their employment with the VA.  (See e.g. Pl.'s Compl. ¶¶ 111, 193-94.)  Plaintiff has not alleged factual allegations that, if true, would establish that Defendants Ahl, Tucker, and Pierce acted outside the scope of their employment with the VA.   Moreover, none of the evidence submitted by Plaintiff contradicts the Certification.

A review of the record in this case clearly demonstrates that Defendants Ahl, Tucker, and Pierce were acting within the scope of their employment and in furtherance of the VA's mission when they committed the acts giving rise to the Complaint.  See Medlin, 398 S.E.2d at 463; Troxler, 365 S.E.2d at 668.  In addition, the VA has both specifically authorized and ratified the actions taken by Defendants Ahl, Tucker, and Pierce.  See Medlin, 398 S.E.2d at 463.  While Plaintiff may take issue with the manner in which Defendants Ahl, Tucker, and Pierce conducted themselves in caring for his father at the VA, the record is clear that all of the actions taken by these Defendants forming the basis of the claims in the Complaint were within the scope of their employment with the VA.  Because Plaintiff has not come forward with "specific evidence or the forecast of specific evidence" contradicting the certification of the United States Attorney, the certification is conclusive evidence that Defendants Ahl, Tucker, and Pierce were acting within the scope of their employment.  Martinez, 111 F.3d at 1155;

Borneman, 213 F.3d at 827.  Accordingly, the substitution of the United States as

the party defendant in Counts One through Five is required in this case.  28 U.S.C.

§ 2679(d)(1).

Although the Westfall Act generally requires that courts substitute the

United States for federal employees accused of committing torts in the course of

performing their employment, the statute specifically excludes civil claims against

a federal employee for violations of the United States Constitution and for

violations of a U.S. statute that authorizes actions against an individual.  28 U.S.C.

§ 2679(b)(2).  Count Six of the Complaint asserts claims pursuant to the Fifth and

Fourteenth Amendment of the United States Constitution against the United States

and Defendants Tucker and Pierce.   Accordingly, the Court may not substitute the

United States for Defendants Tucker and Pierce as to these constitutional claims.

The Court **RECOMMENDS** that the District Court **GRANT in part** the

Motion to Substitute Party [# 34], and Motion to Amend/Correct Motion to

Substitute Party [# 36].  The Court **RECOMENDS** that the Court **GRANT** the

motions as to Counts One through Five and substitute the United States as the

party defendant for Defendants Dr. Ernest T. Ahl, Jr., Dr. Sonny W. Tucker, Jr.,

and Sandy F. Pierce.  The Court **RECOMMENDS** that the Court **DENY** the

motions [# 34 & # 36] as to Count Six.  Because Defendant Ahl is not named in

Count Six, the Court **RECOMMENDS** that the District Court **DISMISS**
Defendant Dr. Ernest T. Ahl, Jr. as a party to this action.

###### B.     The Federal Defendants' Motion to Dismiss

####### 1.     the Federal Tort Claims Act

Having found that the United States is the proper party for Counts One
through Five, the Court must determine whether the Complaint asserts a claim
against the United States pursuant to the FTCA.  Under the Federal Tort Claims
Act, the United States is liable in the same manner and extent as a private
individual under similar circumstances pursuant to the law where the act or
omission occurred.  28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1); Anderson v. U.S.,
669 F.3d 161, 164 (4th Cir. 2011).  "In other words, a claimant has a FTCA cause
of action against the government only if she would also have a cause of action
under state law against a private person in like circumstances."  Anderson, 669
F.3d at 164 (internal quotations and citation omitted).  Thus, the substantive law of
the state where the cause of action arises applies.  Id.  Here, the acts giving rise to
Plaintiff's various claims, including his medical malpractice claim, occurred in
North Carolina, and North Carolina substantive law applies to his claim.  See 28
U.S.C. § 1346(b)(1).

Federal law, however, dictates the statute of limitations for claims brought

pursuant to the FTCA.  <u>Anderson v. U.S.</u>, 669 F.3d 161, 164 (4th Cir. 2011).

Pursuant to 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The failure of a plaintiff to bring a suit under the FTCA within the limitations period typically warrants dismissal of the claims.  <u>Gould v. U.S. Dep't Health & Human Servs.</u>, 905 F.2d 738, 742 (4th Cir. 1990); <u>Zeno v. U.S.</u>, 451 F. App'x 268, 272-73 (4th Cir. 2011) (unpublished).  As the United States Court of Appeals for the Fourth Circuit explained in <u>Gould</u>:

> Section 2401(b) represents a deliberate balance struck by Congress whereby a limited waiver of sovereign immunity is conditioned upon the prompt presentation of tort claims against the government. The Supreme Court, in recognizing this balance, has instructed the judiciary to abstain from extending or narrowing § 2401(b) beyond that which Congress intended and thereby defeating its obvious purpose.

905 F.2d at 742.

Plaintiff filed his Complaint on September 12, 2014.  There is no factual issue in this case as to whether more than two years from the accrual of Plaintiff's claims has transpired or whether this action was brought more than six months

after the mailing of a notice of final decision of the claim.  Plaintiff's claims

accrued in 2010, and Plaintiff does not dispute that more than six months

transpired between the filing of this lawsuit and the mailing of the final denial of

his claims.  Rather, the only issue for the Court is whether the filing of the prior

action Plaintiff brought as executor of his father's estate somehow tolled the

limitations period for the claims he now brings in his individual capacity.   The

Court finds that it does not.

There is no equitable consideration in this case that would warrant tolling

the statute of limitations.  See id.; McKewin v. U.S., 7 F.3d 224, 1993 WL 389568,

at *1 (4th Cir. 1993) (unpublished); Mizrach v. U.S., Civil No. WDQ-11-1153,

2012 WL 414806, at *3 (D. Md. Feb. 7, 2012) (unpublished).  Plaintiff chose to

initially bring suit only as the executor of the estate of his deceased father.  Despite

this Court's instructions to obtain counsel, Plaintiff failed to do so, and the District

Court dismissed his prior action.  Several months later, Plaintiff brought this

action, asserting nearly identical claims as the first action in his individual

capacity.  Because Plaintiff failed to timely bring his claims against the United

States under the FTCA, such claims are barred by the applicable statute of

limitations and subject to dismissal.  The Court **RECOMMENDS** that the District

Court **GRANT** the Motion to Dismiss [# 16] and **DISMISS** the claims asserted

against the United States in Counts One through Five.

##### 2. <u>Plaintiff's constitutional claims</u>

Count Six asserts claims pursuant to Section 1983 against the United States and Defendants Tucker and Pierce for alleged violations of the Fifth and Fourteenth Amendments. Section 1983 provides a remedy where individuals acting under the color of state law deprive a plaintiff of a right secured by the United States Constitution or the laws of the United States. <u>See</u> 42 U.S.C. §1983; <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 (4th Cir. 2009); <u>Dowe v. Total Action Against Poverty in Roanoke Valley</u>, 145 F.3d 653, 558 (4th Cir. 1998). Section 1983 "deals only with those deprivations of rights that are accomplished under the color of the law of 'any State or Territory.' It does not reach purely private conduct and, with the exception of the Territories, actions of the Federal Government and its officers are at least facially exempt from its proscriptions." <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424-25, 93 S. Ct. 602, 606 (1973); <u>see also</u> <u>Jarno v. Lewis</u>, 256 F. Supp. 2d 499, 502 (E.D. Va. 2003) ("Section 1983 does not apply, however, to parties acting under color of federal law."). Section 1983 does not provide a legal mechanism for Plaintiff to pursue his claims against the Federal Defendants, and such claims are subject to

dismissal.[1]  Moreover, even if Plaintiff could assert Section 1983 claims against the

Federal Defendants, such claims would be time-barred by the applicable statute of

limitations.  The Court **RECOMMENDS** that the District Court **GRANT** the

Motion to Dismiss [# 16] as to Count Six and **DISMISS** the claims asserted

against the Federal Defendants.

### IV.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the

Motion to Substitute Party [# 34] and Motion to Amend/Correct Motion to

Substitute Party [# 36].  The Court **RECOMENDS** that the Court **GRANT** the

motions as to Counts One through Five and **SUBSTITUTE** the United States as

the party defendant for Defendants Dr. Ernest T. Ahl, Jr., Dr. Sonny W. Tucker,

Jr., and Sandy F. Pierce.  The Court **RECOMMENDS** that the Court **DENY** the

motions as to Count Six.  Because Defendant Ahl is not named in Count Six, the

Court **RECOMMENDS** that the District Court **DISMISS** Defendant Dr. Ernest T.

Ahl, Jr. as a party to this action.  The Court **RECOMENDS** that the Court

**GRANT** the Motion to Dismiss [# 16] and **DISMISS** all the claims asserted

---

1   Although in certain circumstances, an individual may assert a claim for damages against federal officers who allegedly violate a private citizen's constitutional rights, see  Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971) (Fourth Amendment); Davis v. Passman, 442 U.S. 228, 99 S. Ct.  2264 (1979) (Due Process Clause of the Fifth Amendment), a plaintiff may not assert such claims against a federal agency, Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 69, 122 S. Ct. 515, 520-21 (2001).  Moreover, the Complaint fails to allege a due process violation sufficient to set forth a separate actions against the individual federal employees named in the Complaint.

against the United States and Defendants Dr. Sonny W. Tucker, Jr., and Sandy F. Pierce.

Signed: July 8, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).