UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00239-MOC-DLH

| CARL E. MCADOO, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| ERNEST T. AHL JR. | ) | |
| SONNY W. TUCKER, JR. | ) | |
| ANN PADGETT | ) | |
| SANDY F. PIERCE | ) | |
| JOYCE ANN NASH | ) | |
| RUTHERFORD COUNTY DEPARTMENT OF | ) | |
| SOCIAL SERVICES | ) | |
| JOHN CARROLL | ) | |
| VIC MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#58), which recommends dismissal of all claims asserted against the County Defendants (John Carroll, Ann Padgett, Vic Martin, Rutherford County Department of Social Services) and a separate Memorandum and Recommendation (#59), which recommends substitution of the United States of America as the real party in interest for the nominal federal defendants named, and that the government's Motion to Dismiss be granted.

In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff is proceeding *pro se*. Objections have been filed within the

1

time allowed and Responses to those objections have also been filed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In this case, the magistrate judge has recommended dismissal of plaintiff's claims under Rule 12(b)(6), Federal Rules of Civil Procedure. In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id. at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the

pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers

3

those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

However, to survive a motion to dismiss, a plaintiff need not demonstrate that his right to relief is probable or that alternative explanations are less likely; rather, he must merely advance his claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If his explanation is plausible, his complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation.

While the plaintiff has objected to both recommendations, review of those objections shows that they are without merit as the magistrate judge's recommendations are clearly consistent with current law and were based on a fair reading of plaintiff's *pro se* Complaint.

As to the County Defendants' Motion to Dismiss, plaintiff's Section 1983 claims and state-law claims against them are time barred, the statute of limitations was neither

4

tolled nor extended by the prior dismissal in this court, and many of the claims were only able to be asserted by the executor of plaintiff's father's estate, not plaintiff personally.

As to the Motion to Dismiss filed by the federal defendant(s), the magistrate judge properly substituted the United States of America as the proper party in interest under the *Westfall Act* and in so doing properly denied such motion as to Defendants Tucker and Pierce as they had been named in a constitutional claim (Count Six). Further, the magistrate judge properly concluded that Defendant Ahl should be dismissed entirely as he was not named in Count Six. In addition, plaintiff's tort claims against the United States of America as the real party in interest are clearly time barred under the FTCA and there is no basis for tolling those periods. This court's earlier dismissal of plaintiff's prior action provided no basis for tolling. As to the Section 1983 claims asserted against Defendants Tucker and Pierce – federal employees – Section 1983 provides plaintiff with no cognizable cause of action as that provision is directed to state actors, not federal. See District of Columbia v. Carter, 409 U.S. 418 (1973). Further, any such action would be time barred and, to the extent the Section 1983 could be construed to be a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the underlying factual contentions alleged do not present a due process violation sufficient to support such a claim.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by a fair reading of the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and

Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#s 60 & 61) are **OVERRULED**, the first Memorandum and Recommendation (#58) and second Memorandum and Recommendation (#59) are **AFFIRMED,** and

(1) the government's Motion to Substitute Party (#34) is **GRANTED** in part and **DENIED** in part as provided in the M&R;

(2) the government's Motion to Amend/Correct Motion to Substitute Party (#36) is **GRANTED**;

(3) the County Defendants' Motion to Dismiss (#4) is **GRANTED**, and

(4) the government's Motion to Dismiss (#16) is **GRANTED**,

all as provided in the magistrate judge's Memoranda and Recommendations.

**IT IS FURTHER ORDERED** that as the issues have now joined as to plaintiff and Defendant Nash (the only remaining defendant), those parties are directed to conduct an IAC and submit a CIAC within the times provided by the Local Civil Rules. As plaintiff is not represented, counsel for Defendant Nash is granted leave to submit a proposed PTO without consulting with the unrepresented plaintiff. Similarly, plaintiff may also submit a proposed PTO without consulting with Defendant Nash's attorney. If Defendant Nash intends to pursue the motions to dismiss contained in her Answer, she should review Local Civil Rule 7.1(C)(1) for the applicable procedure.

Signed: August 12, 2015



Max O. Cogburn Jr.
United States District Judge