UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00239-MOC-DLH

| | | |
|---|---|---|
| **CARL E. MCADOO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JOYCE ANN NASH,** *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. This is the Second Memorandum and Recommendation and addresses the Motion to Dismiss (#73) filed by the only remaining defendant, Joyce Ann Nash. In that motion, Defendant Nash seeks dismissal for the same reason the previously terminated defendants sought dismissal, the statute of limitations. The Court notes that Defendant Nash preserved her Rule 12(b)(6) motion based on the Statute of Limitations in her Answer as her Fourth Defense. Answer (#14 at ¶¶ 7-8). The Honorable Dennis L. Howell, United States Magistrate Judge, considered Defendant Nash's motion and, for the same reasons provided in his First Memorandum and Recommendation, recommended dismissal of the plaintiff's claims against her as time barred. This Court notes that it affirmed the First Recommendation and dismissed the action as to the other defendants. Plaintiff's appeal of that Order was, in turn, dismissed by the Court of Appeals for the Fourth for want of jurisdiction. McAdoo v. United States, No. 15-1938 (4th Cir. Dec. 21, 2015).

1

In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

## FINDINGS AND CONCLUSIONS

### I. Applicable Standard

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

### II. Discussion

The Court has given careful consideration to each possible objection and conducted a *de novo* review as warranted. Here, defendant has filed a 27-page "Objections to Stay and Memorandum and Recommendation" (Objections (#78)) and a document captioned

2

"Submission of Plaintiffs' Exhibits" (Submission (#79)). In conducting such review, the Court has carefully searched for any argument that could be construed as a reason why the three year statute of limitations is either not applicable or why it should be tolled. There simply is no argument that would suggest that anything Judge Howell found in either his First or Second Recommendation was either factually or legally wrong. The Court incorporates fully its previous Order finding that plaintiff's 2014 Complaint seeking redress for wrongs that allegedly occurred in 2010 as time barred under the three year Statute of Limitations.

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#77) is **AFFIRMED,** Defendant' Nash's Motion to Dismiss is **GRANTED,** the Complaint and claims therein asserted against Defendant Nash are **DISMISSED** with prejudice, and the Clerk of Court is instructed to enter Judgment against plaintiff and in favor of all defendants dismissing this action in its entirety with prejudice and providing that plaintiff have and take nothing of these defendants.

Signed: April 4, 2017

Max O. Cogburn Jr.
United States District Judge